JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** 2:18-CV-5562 SJO | **DATE:** July 12, 2018 |
| **TITLE:** James Ortiz, et al. v. State of California, et al. | |

==========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

==========================================================================

**PROCEEDINGS (in chambers): ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

These matters are before the Court on Plaintiffs James Ortiz and Yolanda Ortiz (together, "Plaintiffs") *Ex Parte* Application for Temporary Restraining Order ("Application") filed on July 10, 2018 against Defendants State of California and Citibank, N.A. ("Citibank") (together, "Defendants") and on the Court's own motion. Defendants opposed the Application on July 11, 2018 to which Plaintiffs replied on July 12, 2018. The Court finds these matters appropriate for decision without oral arguments. *See* Fed. R. Civ. P. 78. For the following reasons, the Court **DISMISSES** this action for lack of subject matter jurisdiction.

I. FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2018, Plaintiffs filed a Complaint alleging limited facts and, on July 10, 2018, filed a similarly cursory Application for Temporary Restraining order. Based on these documents, together with the background provided by Defendants in their Opposition, the facts of this case are as follows:

Plaintiffs reside at 15607 Sharonhill Drive, Whittier, California 90604 ("Subject Property"). (Complaint ¶ 15 ("Compl."), ECF No. 1.) On June 23, 2006, Plaintiffs borrowed $418,000 from Lexington Capital to refinance the Subject Property. (Opp. 3; Request for Judicial Notice[1] ("RJN"),

---

[1] Pursuant to Federal Rule of Evidence 201, the Court "must take judicial notice if a party requests it" of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)-(c). The Court has reviewed the parties' requests for judicial notice and found that the state court documents and those documents provided by the country registrar are judicially noticeable, not for the truth of what they contain, but for the accuracy of what

| | |
|---|---|
| **CASE NO.:** 2:18-CV-5562 SJO | **DATE:** July 12, 2018 |

Exh. 1, ECF No. 15-1.) This loan was secured by a Deed of Trust, which was assigned to Citibank. (Opp. 4; RJN 2.) On March 20, 2012, Power Default Services, Inc. ("PDS") was substituted as the trustee under the Deed of Trust. (Opp. 4; RJN, Exh. 3.) In May 2012, Plaintiffs stopped making payments on the secured loan and, a year later, PDS recorded a Notice of Default. (Opp. 4; RJN, Exh. 4.) As Plaintiffs had not cured the default, PSD noticed a Trustee's sale for February 10, 2014. (Opp. 4; RJN, Exh. 5.)

Two days after this notice, Plaintiffs filed an initial complaint against Citibank, alleging wrongful foreclosure, slander of title, and violation of Cal. Civ. Code § 2923.5 and seeking to quiet title. (Opp. 4; RJN, Exh. 6.) On February 5, 2014, Plaintiffs filed a voluntary petition for Chapter 13 Bankruptcy and the Trustee's sale was postponed. (Opp. 4; RJN, Exh. 7.) This Bankruptcy was dismissed several weeks later due to Plaintiffs' failure to provide the required bankruptcy schedules. (Opp. 4; RJN, Exh. 8.) Shortly thereafter, Plaintiff's quiet title action was dismissed without leave to amend and that order was affirmed on appeal. (RJN, Exhs. 11, 13-14.) Following the affirmance by the Court of Appeals, Citibank noticed a Trustees sale, this time for March 17, 2017. Plaintiffs responded by again filing a petition for Chapter 13 bankruptcy, which was again dismissed within weeks of filing due to Plaintiffs failure to provide required documents. (RJN, Exhs. 16-19.)

Throughout 2017, Citibank worked with Plaintiffs to allow them time to gather funds. (Opp. 5.) Despite this, Plaintiffs failed to meet the July 31, 2017 deadline and the Trustees sale took place on August 11, 2017, with Citibank taking title to the Subject Property. (Opp. 5.) One month later, Plaintiffs filed a second lawsuit in California Superior Court alleging that the loan was void and asking that the court award damages and "lift all liens and claims by Defendants/wrongdoers against the property." (RJN, Exh. 22.) This suit was dismissed by the state court on *res judicata* grounds. (RJN, Exh. 25.) Plaintiffs have appealed this decision.

On December 18, 2017, Citibank filed an unlawful detainer action against Plaintiffs in state court. On June 20, 2018, after months of discovery, Citibank filed a motion for summary judgment which was scheduled to be heard on June 29, 2018, but has since been continued to July 13, 2018. (Compl. ¶ 33; Appl. 7.) Plaintiffs now seek the issuance of a Temporary Restraining Order enjoining the Superior Court of California from proceeding with the unlawful detainer action. (Appl. 9.)

II. <u>DISCUSSION</u>

In hearing unlawful detainer actions, California courts utilize an expedited procedure to quickly determine whether a defendant has a right to possession of a property. Cal. Civ. Code § 1161a. The Supreme Court has previously addressed similar summary proceedings and has determined

---

appears on their face.

that they do not violate constitutional protections insofar as they "single out possessory disputes between landlord and tenant for especially prompt judicial settlement." *Lindsey v. Normet*, 405 U.S. 56, 71 (1972). California's unlawful detainer action reaches beyond the explicit landlord-tenant relationship and also encompasses actions brought by purchasers of real property during foreclosure against the former mortgagers. In such cases, mortgagers are not permitted to raise an affirmative defense or cross-complaint to quiet title and any examination of title issues is limited to a "narrow and sharply focused examination of title." *Vella v. Hudgins*, 20 Cal.3d 251, 255 (Cal. 1977) Namely, that "one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter 'duly perfected' his title." *Id (quoting* Cal. Civ. Code. § 1161a).

Here, Plaintiffs challenge the use of summary proceedings in such cases, arguing that mortgagers should be permitted to raise and fully litigate the issue of title during the unlawful detainer proceeding. They allege that refusal to permit such a defense is a violation of their due process protections. In the current *Ex Parte* Application, Plaintiffs request that the Court issue an temporary restraining order enjoining the California Superior Court from continuing with the unlawful detainer proceeding until the constitutionality of Cal. Civ. Code § 1161a(b)(3) may be examined. (Appl. 9.)

> A.    The *Rooker-Feldman* Doctrine Divests this Court of Subject Matter Jurisdiction

Under the *Rooker-Feldman* doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148,1154-55 (9th Cir. 2003). "Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "The *Rooker-Feldman* doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Id.* At 778. In making this determination, courts "pay close attention to the *relief* sought by the federal-court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003.)

The *Rooker-Feldman* doctrine applies in this case because Plaintiff is seeking a de facto appeal of the state court's prior dismissal of Plaintiff's quiet title actions. While couched as a constitutional challenge to the unlawful detainer proceeding, Courts look beyond the form of the complaint and examine the requested relief to determine whether the federal action is, in reality, a challenge to the state court order. "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court must not do." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 fn 16 (1983). Here, Plaintiffs seek a declaration that the California rule barring them from raising title during an unlawful detainer action is unconstitutional. The effect of such a ruling

would be to permit Plaintiffs to—for the third time—bring a quiet title claim against Defendants.[2] It is therefore "inextricably intertwined" with the state courts' prior determinations on this issue and the *Rooker-Feldman* doctrine applies. Plaintiffs will not be allowed a third bite at the apple and this action must be **DISMISSED** for lack of subject matter jurisdiction.

> B.    The Anti-Injunction Act Bars the Requested Relief

Even were the Court to determine that it possessed subject matter jurisdiction over this action, it would not be able to provide the requested relief. In their Application, Plaintiffs ask the Court to enjoin the state court from proceeding with its unlawful detainer proceeding until the constitutionality of the government statute can be determined. As Defendants note in their Opposition, however, this relief is prohibited by the Anti-Injunction Act which states that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This operates as "an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Brotherhood or Locomotive Engineers*, 398 U.S. 281, 294-95 (1970). These three, limited exceptions are to be construed narrowly and "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court action to proceed." *Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010).

There is no statute addressing this particular situation and the Court has not entered any judgment in this or any related action, so the only exception to the Anti-Injunction Act that is arguably applicable is when an injunction is "necessary in aid of a court's jurisdiction." 28 U.S.C. § 2283. Here, however, unlike the few cases where this exception has been held to apply, the state court action does not threaten the federal court's previously established *in rem* jurisdiction. *See e.g. Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008). Moreover, courts considering similar circumstances have repeatedly and routinely found that this exception does not apply to requests to stay unlawful detainer actions. *See, e.g., Hernandez v. Winstar Properties, Inc.*, 2:16-cv-04697-ODW-KS, 2016 WL 3869830 (C.D. Cal. July 15, 2016); *Farah v. Wells Fargo Home Mortgage*, 2:13-cv-1127-PSG, 2013 WL 1397405 (N.D. Cal. April 5, 2012); *Fajardo v. Ross*, 1:12-cv-00217-AWI, 2012 WL 2589244 (E.D. Cal. July 3, 2012). This

---

[2] This also raises serious doubts as to Plaintiffs' standing to challenge the constitutionality of the statute as any defense of quiet title would likely be barred by the doctrine of *res judicata*. Indeed, it was for this very reason that Judge Fournier granted Defendants' demurrer in the second state court action. (RJN, Exh. 24.) If Plaintiffs are not permitted to pursue quiet title in the unlawful detainer proceeding, they are unlikely to meet the standing requirements to bring a constitutional challenge.

Court finds the reasoning in these cases persuasive and would therefore find that no exception to the Anti-Injunction Act applies in this case.

III. RULING

Because the Court lacks subject matter jurisdiction over this action, the Court **DISMISSES** this matter **WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**.

IT IS SO ORDERED.